UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
ECHO DIXON,

                                               Plaintiff,

                                                                                             9:07-CV-1157
    v.                                                                                   (DNH)(DRH)

BRIAN FISCHER, *et al.*,

                                              Defendants.
--------------------------------------------------------------------------

APPEARANCES:

ECHO DIXON
Plaintiff, *pro se*
00-A-6365

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

## ORDER

Presently before this Court is a motion to change venue and a motion for an extension of time to file an amended complaint filed by Echo Dixon ("plaintiff" or "Dixon"). Dkt. No. 13.

**I.    BACKGROUND.**

This action was filed on October 30, 2007. The complaint asserts claims against employees of the New York Department of Correctional Services ("DOCS"). Plaintiff alleges that these defendants, employed in Albany, New York, and at the Coxsackie Correctional Facility failed to protect him and retaliated against him for filing grievances and other legal actions.[1]

On November 28, 2007 plaintiff was granted leave to proceed with this action *in forma pauperis*, and was ordered to file an amended complaint. Dkt. No. 12.  Plaintiff

---

[1] All of the events complained of occurred at the Coxsackie Correctional Facility which is located in the Northern District of New York.

has not filed his amended complaint, and no defendants have been served in this action.

## II. Motion for Change of Venue.

Plaintiff filed his motion for change of venue on December 5, 2007. Dkt. No. 13. The motion seeks a transfer of this action to the Southern District of New York. It appears that plaintiff seeks the transfer because he has another action pending in the Southern District.

Generally, venue is proper in a non-diversity case in the judicial district where the defendants reside, if they all reside in one state, or, in the judicial district where a substantial part of the events occurred. 28 U.S.C. §1391(b). Clearly, based upon a review of the complaint, venue is proper in the Northern District of New York based upon the events occurring here.

28 U.S.C. §1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"A motion to transfer pursuant to 28 U.S.C. §1404 is committed to the sound discretion of the court. *Pellegrino v. Stratton Corp.*, 679 F.Supp. 1164, 1166 (N.D.N.Y.1988) (citations omitted). In exercising its discretion, the court must first decide whether the transferee forum is one where the action 'could have been brought;' *i.e.*, if venue was proper in that forum at the time that the suit was initiated. *Aquatic Amusements Associates v. Walt Disney World Co.*, 734 F.Supp. 54, 56 (N.D.N.Y.1990) (citation omitted)." *Gilbert v. Wilson*, 821 F. Supp. 857, 860 (N.D.N.Y. 1993)(Scullin,

2

D.J.).

"It is well established in this circuit that on a motion to transfer venue, the movant bears the burden of establishing that a change of venue is warranted.  *See, e.g., Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218-219 (2d Cir.1978), *cert. denied,* *861440  U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979);  *see also Aquatic Amusement Associates* 734 F.Supp. at 56;  *Pellegrino* 679 F.Supp. at 1166.   Thus, the burden rests heavily on the moving party to establish in its pleadings and affidavits the conditions necessary to justify transfer."  *Gilbert*, supra at 860-861.

A review of the motion before this Court reveals that plaintiff has failed to establish that a change of venue in this action is proper pursuant to requirements of 28 U.S.C. §1404(a), or, warranted by the facts and circumstances of this case.  Thus, the motion for change of venue must be denied.

Plaintiff will be granted an additional **thirty (30) days** to file his amended complaint in this action.

WHEREFORE, it is hereby

ORDERED, that the plaintiff's motion for a change of venue (Dkt. No. 13) is denied, and it is further

ORDERED, plaintiff's motion for an extension of time to file the amended complaint (Dkt. No. 13) is granted.  Plaintiff shall file his amended complaint within **thirty (30) days** from the filing date of this Order, and it is further

ORDERED, if plaintiff fails to file his amended complaint, this matter shall proceed in accordance with the November 28, 2007 Order (Dkt. No. 12), and it is further

3

   ORDERED, that the Clerk serve a copy of this Order upon the parties hereto.

IT IS SO ORDERED.

Dated:  January 11, 2008

                 _David R. Homer_
                  United States Magistrate Judge