UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

ECHO DIXON,

                              Plaintiff,

     vs.                                          9:07-CV-1157

BRIAN FISCHER; WILLIAM LAPE;
D. MARTUSCELLO; M. MATTHEWS; SGT.
JEWETT; SHOEMAKER, Hearing Officer;
LUCIEN J. LeCLAIRE; D. VENETTOZZI;
RICHARD ROY; VERNON FONDA; C.O.
LOVELOCH; JUDY KYER; C.O. HOROWITZ;
C.O. FARRELL; SGT. RAE; THOMAS
G. EAGEN; SGT. MITCHENSON; T. CARROLL;
CPT. KOSKOWSKI; CO SOUTHARD; C.O.
TAVOLARO; ELLIOT SPITZER; KAREN
BELLAMY; and C.O.R.C.,

                              Defendants.

--------------------------------------------------------

APPEARANCES:

ECHO DIXON
Plaintiff, *pro se*
00-A-6365

DAVID N. HURD
United States District Judge

## DECISION and ORDER

      Presently before the Court is a motion for reconsideration (Dkt. No. 21) of this Court's

April 16, 2008 Order directing plaintiff to pay the filing fee or face dismissal of this action.

Dkt. No. 19.

**I. Background.**

      This action was filed on October 30, 2007. Plaintiff filed an addendum to the

complaint on November 6, 2007, prior to the original complaint being reviewed by the Court.

Dkt. No. 4. Plaintiff then filed a motion for discovery (Dkt. No. 7) and a motion to amend the complaint (Dkt. No. 9) that were stricken by order of Magistrate Judge Homer. Dkt. Nos. 8 and 10. On November 28, 2007, plaintiff's application to proceed *in forma pauperis* was granted, and plaintiff was directed to file an amended complaint. Dkt. No. 12. Plaintiff then filed a motion for a change of venue (Dkt. No. 13), which was denied by Magistrate Judge Homer. Dkt. No. 14. Thereafter, plaintiff filed his amended complaint. Dkt. No. 16.

On April 7, 2008 this Court issued an Order that revoked plaintiff's application to proceed *in forma pauperis* and ordered plaintiff to pay the filing fee if he wished to proceed with this action.[1] Dkt. No. 17. The Court also permitted plaintiff an opportunity to submit evidence that demonstrated that the three cases addressed in the Order should not be considered strikes for purposes of 28 U.S.C. § 1915(g). *Id.* Plaintiff submitted a letter in response to the April 7, 2008 Order. Dkt. No. 18. In an April 16, 2008 Order, this Court found the evidence submitted by plaintiff to be insufficient to demonstrate that any of the three cases should not be considered strikes by this Court. Dkt. No. 19. Accordingly, plaintiff was ordered to pay the filing fee in this action, or face dismissal of the action without prejudice. *Id.* Plaintiff now seeks reconsideration of the April 16, 2008 Order.

---

[1] The application to proceed *in forma pauperis* was vacated due to plaintiff having brought three or more actions that were dismissed as frivolous, malicious or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g). In the April 7, 2007 Order the Court noted that it had "ascertained that plaintiff has filed approximately fourteen (14) cases in the Southern District of New York since 2001, and has filed one other action in this District. On at least three occasions, then Chief Judge Mukasey dismissed plaintiff's actions pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and certified in each case that an appeal from the Orders would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3). These three cases are *Dixon v. Johnson et al.,* 01-CV-11272 (Dismissed by Order filed December 10, 2001), *Dixon v. Meeks, et al.,* 02-CV-7063 (Dismissed by Order filed September 6, 2002), and *Dixon v. Barreto, et al.*, 03-CV-8103 (Dismissed by Order filed October 14, 2003)." Dkt. No. 19.

II. **Motion for Reconsideration.**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

In his request for reconsideration, plaintiff states that he is not in imminent danger. Dkt. No. 21, page 2. In support of his motion, plaintiff alleges that he has initiated a new action in the Southern District of New York that challenges the factual underpinnings of his action *Dixon v. Meeks*, 02-CV-7063. *Id*., page 1. Plaintiff does not suggest that the action has been adjudicated, nor does plaintiff demonstrate how such adjudication will impact on the dismissal of his 2002 action that challenged his classification as a Central Monitoring Case while at Rikers Island.[2]

Plaintiff also alleges that he now has proof that "D.A. Robert Johnson used perjured testimony against me at trial," and therefore, plaintiff can now sue the District Attorney. Dkt. No. 21, page 3. However, plaintiff offers no explanation how such proof mitigates the dismissal of *Dixon v. Johnson*, 01-CV-11271, plaintiff's action against D.A. Johnson that was based upon claims that plaintiff was wrongfully indicted in 2001.

Finally, plaintiff states that he has a habeas petition that "has been pending for almost three years, and it appears it will be granted. The law is specific in this matter, so

---

[2] Judge Mukasey found that even if plaintiff's allegations were accepted as true, plaintiff had not alleged a violation of any federally protected right in his 2002 action. 02-CV-7063, Dkt. No. 3.

*Dixon v. Barreto, et al.*, 03-CV-8103 may also be stricken as a strike." Dkt. No. 21, page 3. However, *Dixon v. Barreto* was dismissed, based in part upon *Heck v. Humphrey*, 512 U.S. 477 (1994). Thus, even if plaintiff were to succeed on his habeas petition, it would not change the fact that plaintiff's 2003 action was barred by well settled principles of law when it was filed.

After a review of plaintiff's request for reconsideration, the Court finds that plaintiff has failed to establish any of the above-cited factors relative to his motion for reconsideration. Accordingly, the motion must be denied.

THEREFORE, it is

ORDERED, that

1. Plaintiff's motion for reconsideration (Dkt. No. 21) is DENIED;

2. Plaintiff shall pay the filing fee of $350.00 **within thirty (30) days** from the date of the filing of this Order;

3. If plaintiff fails to pay the filing fee **within thirty (30) days** from the date of the filing of this Order, the Clerk enter judgment dismissing this action, **without prejudice**, without further order of this Court due to plaintiff's failure to comply with the terms of this Order;

4. The Clerk is directed to serve a copy of this Order on the parties in accordance with the Local Rules; and

     5. It is hereby certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

     IT IS SO ORDERED.

Dated: May 1, 2008
       Utica, New York.

United States District Judge